# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1069-18T4

E.A.,

     Plaintiff-Respondent,

v.

G.D.,

     Defendant-Appellant.

_____

Argued November 18, 2019 – Decided December 3, 2019

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-0248-19.

Brett M. Rosen argued the cause for appellant (Law Offices of Jonathan F. Marshall, attorneys; Jeff Edward Thakker, of counsel; Brett M. Rosen, on the briefs).

Michael A. Orozco argued the cause for respondent (Price Meese Shulman & D'Arminio, PC, attorneys; Michael A. Orozco, on the brief).

PER CURIAM

Defendant appeals from a September 21, 2018 final restraining order (FRO) entered under the Prevention of Domestic Violence Act of 1991 (PDVA), N.J.S.A. 2C:25-17 to -35. Judge Mitchell I. Steinhart conducted the trial, entered the FRO, and rendered an oral opinion.

Plaintiff, defendant's former girlfriend, obtained a temporary restraining order (TRO) alleging that defendant engaged in criminal coercion, harassment, and cyber harassment.[1] The judge conducted the FRO hearing and took testimony from the parties and defendant's friend (the friend). The judge found that plaintiff was credible, that defendant committed the predicate acts, and that the FRO was necessary for plaintiff's protection.

On appeal, defendant argues:

> POINT I
> THE [JUDGE] ERRONEOUSLY DENIED [DEFENDANT'S] REQUEST FOR AN ADJOURNMENT; THE FRO SHOULD BE VACATED AS [DEFENDANT'S] RIGHT TO DUE PROCESS WAS VIOLATED.
>
> POINT II
> THE [JUDGE'S] FINDINGS ON THE FIRST AND SECOND SILVER ELEMENTS ARE INCONSISTENT; THERE WAS AN INSUFFICIENT BASIS FOR ENTERING THE FRO.

---

[1] Although she also alleged that defendant engaged in terroristic threats, the judge disagreed.

POINT III

THE [JUDGE] SHOULD HAVE ASKED [DEFENDANT] IF HE AGREED TO THE ENTRY OF EXHIBIT P-1; ISSUES REGARDING THE AUTHENTICITY OF THE DOCUMENT BECAME CLEAR DURING THE COURSE OF THE HEARING.

POINT IV

WHAT [PLAINTIFF'S BOYFRIEND] SAID TO [DEFENDANT] WAS NOT "HEARSAY," AND THE [JUDGE'S] RULING ON THIS ISSUE PREVENTED THE PROPER DEVELOPMENT OF THE RECORD.

POINT V

THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE FINDINGS OF DOMESTIC VIOLENCE AND THE NEED FOR AN FRO.

POINT VI

[DEFENDANT] SHOULD HAVE BEEN ENTITLED TO COUNSEL.

POINT VII

UNLESS AND UNTIL THE JUDICIARY PROVIDES FOR THE ASSIGNMENT OF DEFENSE COUNSEL IN PDVA FRO CASES, THE RULES OF COURT DO NOT SECURE . . . [DEFENDANT'S] DUE-PROCESS RIGHTS.

POINT VIII

IN THE EVENT OF A REMAND, [DEFENDANT] WISHES TO PRESERVE HIS JURISDICTIONAL ARGUMENTS.

We affirm.

A-1069-18T4

At the time she obtained the TRO, plaintiff was living with her mother in New Jersey. At the FRO hearing, plaintiff testified that she previously dated defendant. Defendant sent plaintiff multiple text messages, which led to plaintiff obtaining the TRO. Defendant also posted revealing photographs of plaintiff and her personal information online, which led to people contacting her. The judge read the details of many of the text messages—appearing on approximately fifty-one pages—into the record. In finding plaintiff credible, the judge found that the text messages corroborated her testimony. The judge said "I don't believe all the excuses that conveniently came from . . . defendant."

In a domestic violence case, we accord substantial deference to a judge's findings, which "are binding on appeal when supported by adequate, substantial, credible evidence," especially when—like here—much of the evidence is testimonial and implicates credibility determinations. Cesare v. Cesare, 154 N.J. 394, 412 (1998). We do not disturb the judge's factual findings and legal conclusions, unless we are "'convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)).

4

When determining whether to grant an FRO pursuant to the PDVA, the judge must make two determinations. Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006). Under the first Silver prong, "the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125. Here, plaintiff alleged that defendant engaged in criminal coercion, harassment, and cyber harassment.

A person is guilty of harassment where, "with purpose to harass another," he or she:

> a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;
>
> b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or
>
> c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.
>
> [N.J.S.A. 2C:33-4(a) to (c).]

Harassment requires the defendant to act with the purpose of harassing the victim. J.D. v. M.D.F., 207 N.J. 458, 486 (2011). A judge may use "[c]ommon

sense and experience" when determining a defendant's intent. State v. Hoffman, 149 N.J. 564, 577 (1997).

The judge found defendant guilty of harassment. After making his credibility findings and detailing what the multiple text messages said, the judge stated:

> [F]or all those reasons . . . I find . . . defendant had the purpose to harass, made . . . comments, communications in a manner likely to cause annoyance or alarm to . . . plaintiff, and engaged in alarming conduct of repeated texts with the purpose to seriously annoy . . . plaintiff, and that to worry, trouble or offend her.
> . . . .
>
> There's absolutely no relevant purpose for . . . defendant to have sent most of these texts except to annoy, alarm or bother . . . plaintiff.

In addition to finding that defendant committed the predicate act of harassment, the judge made specific findings as to plaintiff's allegation that defendant engaged in cyber harassment, which differs from the act of harassment. N.J.S.A. 2C:33-4.1 governs the elements of cyber harassment and states:

> a. A person commits the crime of cyber[]harassment if, while making a communication in an online capacity via any electronic device or through a social networking site and with the purpose to harass another, the person:

A-1069-18T4

(1) threatens to inflict injury or physical harm to any person or the property of any person;

(2) knowingly sends, posts, comments, requests, suggests, or proposes any lewd, indecent, or obscene material to or about a person with the intent to emotionally harm a reasonable person or place a reasonable person in fear of physical or emotional harm to his person; or

(3) threatens to commit any crime against the person or the person's property.

In finding defendant engaged in cyber harassment, the judge noted that "the texts, the sending of . . . plaintiff the two e[xp]licit photos was only meant to put her in fear, emotional harm[.]"

As to criminal coercion, the judge first defined the offense and then made his findings. In pertinent part, under N.J.S.A. 2C:13-5(a), a person is guilty of criminal coercion if:

[W]ith purpose unlawfully to restrict another's freedom of action to engage or refrain from engaging in conduct, he threatens to:

(1) Inflict bodily injury on anyone or commit any other offense, regardless of the immediacy of the threat;

(2) Accuse anyone of an offense;

(3) Expose any secret which would tend to subject any person to hatred, contempt or ridicule, or to impair his credit or business repute[.]

7

The judge found that defendant used the photographs depicting plaintiff in the nude to ruin her relationship with her parents and affect her future study in school.

Under the second Silver prong, a judge must also determine whether a restraining order is necessary to protect the plaintiff from future acts or threats of violence. 387 N.J. Super. at 127. The commission of one of the predicate acts of domestic violence set forth in N.J.S.A. 2C:25-19(a) does not, on its own, "automatically . . . warrant the issuance of a domestic violence [restraining] order." Corrente v. Corrente, 281 N.J. Super. 243, 248 (App. Div. 1995). Although that determination "is most often perfunctory and self-evident, the guiding standard is whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to protect the victim from an immediate danger or to prevent further abuse." Silver, 387 N.J. Super. at 127.

The judge found the FRO was necessary to protect plaintiff, by relying on her credible testimony that she was frightened, that she did not leave her hotel room, and that she was scared for her own safety. The judge stated that plaintiff's "life, health and well-being have been and are endangered by . . . defendant's acts[.]"

8

To the extent we have not addressed defendant's other arguments, it is because they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Nevertheless, we add these brief remarks.

Defendant received due process. The judge granted defendant's request to adjourn the first FRO date, which was approximately for one month. At trial, the judge explained the nature of the proceeding, and defendant indicated that he understood what was about to occur. Then, the judge asked defendant if he was prepared to proceed, to which defendant voluntarily and knowingly replied "[y]es."

Applying the governing principles, we conclude there is no basis to disturb the trial judge's factual findings or legal conclusions. The judge heard testimony from the parties, rejected the friend's testimony as irrelevant, and had ample opportunity to assess credibility. There exists sufficient evidence in the record to support both Silver prongs, and we see no evidentiary errors nor any abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1069-18T4